UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SCHIAVONE CONSTRUCTION CO., AMERICAN
BRIDGE COMPANY, a Joint Venture,

                  Plaintiff,

- against -

THE CITY OF NEW YORK (Macombs Dam
Bridge over the Harlem River),

                  Defendant.

------------------------------------------------------------------x

Index No. 07 CIV 8389 (NRB)

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

Plaintiff, Schiavone Construction Co. and American Bridge Company, a Joint Venture (the "Joint Venture"), by its attorney, Vincent J. Torna, as and for its complaint against the City of New York (the "City"), alleges as follows:

### NATURE OF ACTION

1. This action seeks compensatory damages in the amount of $32,476,000, plus interest, costs and disbursements for the City's breach of a construction contract.

### FEDERAL JURISDICTION

2. Jurisdiction is conferred in this Court by Virtue of 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between the Joint Venture and the City and the amount in controversy exceeds the sum of $50,000.

3. Venue is set in the Southern District of New York by virtue of 28 U.S.C. 1391(a) and (b) in that the City resides in the Southern District of New York and a substantial part of the relevant events complained of occurred in the Southern District of New York.

## THE PARTIES

4. The Joint Venture is a joint venture with offices located at 150 Meadowlands Parkway, Secaucus, New Jersey, composed of Schiavone Construction Co., a corporation duly organized under the laws of the State of New Jersey and American Bridge Company, a corporation duly organized under the laws of the State of Delaware.

5. The City was and still is a municipal corporation duly organized under the laws of the State of New York with the powers of a domestic municipal corporation, including the right to make contracts, to sue and to be sued.

## BACKGROUND

6. Prior to the commencement of this action, a written verified notice of claim was presented to the office of the City designated by law to accept same and more than thirty (30) days have elapsed since the claim was duly presented for adjustment and the City or the officer having power to adjust the claim has neglected and/or refused to make an adjustment and the claim amount is now due and owing with interest.

7. On or about April 12, 1999, the Joint Venture and the City, through the Commissioner of the Department of Transportation, duly entered into a written contract, Contract BRX287-R, Rehabilitation of Macombs Dam Bridge (the "Contract"), whereby for a consideration to be paid to the Joint Venture by the City in the amount of $136,722,131.52, the Joint Venture agreed to perform certain work, labor and services at the Macombs Dam Bridge (the "Project").

8. As part of the Contract, the City did publish certain plans, specifications, drawings, surveys, addenda and data (the "Contract Documents") describing the condition of the site and

setting forth the work, labor and services to be performed by the Joint Venture for the City at the Project.

9. The Joint Venture did rely upon the correctness and accuracy of the Contract and the Contract Documents.

10. The Contract was duly approved and was properly entered into in the regular course of business of the City.

11. An appropriation had been duly made of the monies raised by the City for the payment and performance of the Contract and all things required to make the Contract valid and binding upon the parties were duly performed and the Contract became valid and binding upon the parties. The Contract and Contract Documents are on file with the City and with the Comptroller of the City and the Joint Venture refers to the Contract and the Contract Documents with the same force and effect as if it were at length set forth herein.

12. The Joint Venture has performed all conditions required under the Contract to be performed by it and is not in default of same.

## AS AND FOR A FIRST CAUSE OF ACTION

13. The Joint Venture repeats and realleges each and every allegation set forth in paragraphs "1" through "12" inclusive of the complaint as if fully set forth at length herein.

14. After the Joint Venture submitted its bid and during the course of performance of the work, the Joint Venture discovered that the Contract Documents published by the City and upon which the Joint Venture relied in submitting its bid and performing the work were not properly prepared or reviewed and contained numerous errors, inaccuracies and omissions requiring a material change in the scope and method of the work.

15. Field conditions at the site, which could not be accurately ascertained by the Joint Venture until after the commencement of the work, differed significantly from those described in the Contract and in the Contract Documents.

16. The City misrepresented to the Joint Venture, *inter alia*, that the Project could be constructed in accordance with the Contract Documents and in the method and manner represented when it knew or should have known prior to the bid and the award of Contract that it could not be constructed as represented. Specifically, the City erroneously represented that the engineering and the preparation of plans, specifications, surveys and Contract Documents had been performed with sufficient thoroughness, accuracy and care, and that changes and extra work during construction could be held to a minimum.

17. Change orders as required by the Contract to remedy the defective and incomplete nature of the Contract Documents were not timely issued, approved or funded. In addition, the City neglected and otherwise failed and refused to properly supervise and administer the Contract and the work being performed thereunder.

18. In addition, the City misrepresented and concealed material facts and wrongfully, deliberately and/or with gross negligence delayed and prevented the Joint Venture from performing the Contract within the period of time fixed by the Contract and/or the manner in which the Joint Venture reasonably anticipated the said Contract work could and would be performed and caused the Joint Venture damage by reason thereof.

19. During the course of the work, the City breached the Contract and became indebted to the Joint Venture for damages due to construction changes and interferences by the City; out-of-sequence work; changes in the scope of work; lost labor productivity; denial of site; changes in the

schedule and/organization of the work; differing site conditions; unanticipated structural and safety repairs; disruptions due to discovered conditions; and the occurrence of circumstances unanticipated by the parties.

20. All of the above (hereinafter referred to as the "Acts or Omissions") caused the Joint Venture to be materially delayed in the performance of the work and in the completion of the Project, prevented performance of the work in the manner, method and time in which the Joint Venture reasonably anticipated the Contract could and would be performed, forced the Joint Venture to accelerate the work, caused the Joint Venture to perform a substantial amount of work not contemplated under the Contract, and disrupted and interfered with the performance of the work.

21. The delays, inefficiencies and interferences suffered by the Joint Venture as a result of the Acts and Omissions were not contemplated by the parties and/or were caused by the City's bad faith, willful, malicious, recklessly indifferent or grossly negligent conduct and/or were so unreasonable that they constituted an intentional abandonment of the Project and/or resulted from the City's breach of its fundamental obligations under the Contract and of good faith causing the Joint Venture to be damaged in the amount of $32,476,000.

22. By reason of the above, the City materially breached the Contract and is indebted to the Joint Venture for damages in the amount of $32,476,000, no part of which has been paid although duly demanded.

**WHEREFORE**, the Joint Venture demands judgment against the City as follows:

(a) As and for the first cause of action for damages for breach of contract in the amount of $32,476,000; and

(b) All of the above be awarded together with interest, costs and disbursements of this action.

Dated: New York, New York
September 26, 2007

                                      VINCENT J. TORNA
                                      ATTORNEY AT LAW

By: _____
                                      Vincent J. Torna (VJT-2542)
                                      Attorney for Plaintiff
                                      Schiavone Construction Co. and
                                      American Bridge Company, a Joint Venture
                                      101 East 52nd Street, 21st Floor
                                      New York, New York 10022
                                      (212) 644-1192

# VERIFICATION

STATE OF NEW JERSEY )
                                  ) ss.:
COUNTY OF HUDSON )

       Carl Cosenzo, being duly sworn, deposes and says, that he is the Authorized Signatory of Schiavone Construction Co. and American Bridge Company, a Joint Venture, named as a claimant herein; that he has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to those matters stated to be alleged upon information and belief and as to those matters, he believes to be true. Deponent further says that the reason this verification is not made by the above Joint Venture is because it is not an individual and deponent is an Authorized Signatory.

                                                                _____
                                                                                 Carl Cosenzo

Sworn to before me this
26th day of September, 2007

_____
Notary Public
JOANNA MELARA
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES OCTOBER 23, 2007