UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

SCHIAVONE CONSTRUCTION CO., AMERICAN
BRIDGE COMPANY, A Joint Venture,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK (Macombs Dam Bridge over
the Harlem River),

                                                    Defendant.

-------------------------------------------------------------- x

STIPULATION AND
ORDER OF DISMISSAL
**WITHOUT PREJUDICE**

Index No. 07-CV-8389 (NRB)

**WHEREAS**, on or about September 27, 2007, plaintiff, Schiavone Construction Co., American Bridge Company, a Joint Venture, (the "Joint Venture"), commenced this action by filing a Complaint alleging that defendant, the City of New York (the "City"), breached the Contract ("Contract"), between the Joint Venture and the City entered into on or about April 12, 1999, causing $32,476,000.00 of damages to the Joint Venture; and

**WHEREAS**, on or about November 29, 2007, the City filed an Answer denying plaintiff's allegations, and including counterclaims for liquidated damages of $994,000.00, breach of contract for $6,302,500.00, negligence for $6,302,500.00, and failure to complete the punch list for $670,000.00; and

**WHEREAS**, on or about January 22, 2008, the Joint Venture filed an Amended Complaint alleging that the City breached the Contract causing $32,476,000.00 of damages to plaintiff, and that the City owes the Joint Venture a contract balance of $900,000.00 for additional work, $7,020,000.00 in retainage, and a $1,950,000.00 incentive bonus; and

**WHEREAS**, on or about February 29, 2008, the City filed an Answer to the Amended Complaint denying the Joint Venture's allegations, and including counterclaims for

liquidated damages of $994,000.00, breach of contract for $1,342,498.62, negligence for $1,342,498.62, and failure to complete the punch list for $665,100.00; and,

**WHEREAS**, the Joint Venture and the City now desire to attempt to resolve the issues raised in this litigation without further court proceedings and without either party admitting any fault or liability,

**IT IS NOW HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1. This action is voluntarily dismissed without prejudice.

2. For the purposes of statutory and contractual limitations, all claims are tolled as of September 27, 2007, until fifteen (15) months from the date of this stipulation.

3. The Joint Venture shall promptly submit all documents that have been requested to date by the New York City Comptroller, (the "Comptroller"), within 30 days of the date of this Stipulation. The Comptroller may also seek additional documentation as needed. The Joint Venture must respond to these additional requests within no more than 30 days.

4. Separately and independently, the attorneys for the Joint Venture and the Office of the Corporation Counsel shall serve, and promptly respond to, document demands. Document requests must be made within 90 days of the date of this stipulation, and objections and production of the documents must be made within 150 days after the service of the demands. The parties thereafter may serve additional document demands as they deem necessary. Any objections to the additional document demands and the production of those documents must be made within 30 days of the service of the demand. All objections shall be reserved to be submitted, if necessary, to the Court upon recommencement of this action. In response to document demands, the City and the Joint Venture shall prepare and produce a privilege log

detailing any and all documents that either party deems privileged from disclosure. Upon the recommencement of this case, all discovery accomplished pursuant to this paragraph shall be usable in the recommenced action.

5. If the parties and the Comptroller decide to engage in settlement discussions in this matter, they will commence no later than August 30, 2009.

6. The City shall pay the Joint Venture $3,899,301.38 subject to the conditions stated in paragraph 7. This payment includes the retainage ($7,020,000.00) earned by the Joint Venture plus the incentive bonus ($1,950,000.00) less the value of the guaranty or 1% of the contract price ($1,404,000.00), and the City's counterclaims for liquidated damages ($994,000.00), breach of contract/negligence ($1,342,498.62), and twice the value of the punch list (pursuant to Article 44 of the Contract) ($1,330,200.00). Plaintiff waives its right to claim that the retainage, based upon the work performed to date, is more than $7,020,000.00 and that the incentive bonus is more than $1,950,000.00. Upon completion of the punch list items, monies withheld pending performance of the punch list work shall be released in accord with the terms of the Contract.

7. Within fifteen (15) days of the date of this stipulation, the Joint Venture shall submit a final time extension request for a one-day extension of time, extending the time of contract completion to May 29, 2007, and a verified statement of claim. The City shall process the final extension of time within one hundred twenty (120) days of submission, provided the final time extension and the verified statement of claim comport with the requirements of the contract. Within thirty (30) days of the approval of the final time extension, the City shall pay to the Joint Venture the sum of $3,899,301.38 referenced in paragraph 6.

8. The City reserves all of its claims including its claims for liquidated

damages, completion of the punch list, breach of contract, and negligence.

9. None of the provisions of this Stipulation shall be construed in any way whatsoever as limiting the contractual obligations of the Joint Venture, including, but not limited to, the extended testing of the Macomb's Dam Bridge in accordance with NoCost Change Order # 2005-0318 entitled "Resolution of Bridge Concentricity Issues".

10. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiation. Nothing contained herein shall constitute a policy or practice of the City of New York.

11. The undersigned attorneys represent that they have the power and authority to enter into this Stipulation on behalf of their respective clients.

12. The parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Stipulation, except for those expressly set forth in this Stipulation.

13. This Stipulation may not be modified, altered or changed except upon express written consent of an authorized representative of each of the parties, wherein specific reference is made to this Stipulation.

14. This Stipulation may be executed in counterparts, and each counterpart shall constitute a duplicate original hereof. Facsimile signatures shall be deemed original signatures for all purposes.

15. The failure of the parties to meet the dates or any other requirement stated in this stipulation, including but not limited to payment, may only result in the Joint Venture's recommencing this action. Neither party is entitled to any other penalty or sanction for non-compliance with this agreement.

16. The Joint Venture shall recommence this action in this Court no later than fifteen (15) months from the date of this stipulation. This Court expressly retains jurisdiction over this matter, and it is authorized to enforce the terms of this stipulation and order.

17. Nothing herein will prevent or limit the parties from conducting full discovery in connection with the recommenced action.

Dated: New York, New York
       April 28, 2008

| | |
|---|---|
| VINCENT J. TORNA<br>Attorney for Plaintiff<br>Schiavone Construction Co and<br>American Bridge Company, a Joint Venture<br>101 East 52nd Street, 21st Floor<br>New York, New York 10022<br>(212) 644-1192<br><br>By: _____<br>Vincent Torna (VJT-2542) | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>   City of New York<br>Attorney for Defendant<br>100 Church Street, Room 3-236<br>New York, New York 10007<br>(212) 788-1198<br><br>By: _____<br>Richard Schulsohn (RS-0982) |

SO ORDERED:

_____
       USDJ          4/29/08